

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff JIM_MICHAEL

## 22SL-CC02317 - CLAYTON SHAW V MERCY HOSPITALS EAST COMMUNITIES (E-CASE)

FV Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: Descending Ascending

Display Options: All Entries

**05/16/2022** **Corporation Served**

Document ID - 22-SMCC-3763; Served To - MERCY HOSPITALS EAST COMMUNITIES; Server - WHITE, THOMAS; Served Date - 16-MAY-22; Served Time - 00:00:00; Service Type - Territory 15; Reason Description - Served; Service Text - LC

**04/26/2022** **Summons Issued-Circuit**

Document ID: 22-SMCC-3763, for MERCY HOSPITALS EAST COMMUNITIES.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/25/2022** **Filing Info Sheet eFiling**

**Filed By:** JEFFREY DAVID HACKNEY

**Pet Filed in Circuit Ct**

Petition for Damages; Exhibit A RTS letter.

**Filed By:** JEFFREY DAVID HACKNEY

**On Behalf Of:** CLAYTON SHAW

**Judge Assigned**

DIV 17

Case.net Version 5.14.50 Return to Top of Page Released 03/10/2022

**EXHIBIT A**

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| CLAYTON SHAW,<br><br>Plaintiff<br><br>v.<br><br>MERCY HOSPITALS EAST COMMUNITIES<br><br>d/b/a<br><br>MERCY HOSPITAL ST. LOUIS<br><br>Defendant.<br>Serve at:<br>616 S. New Ballas Rd.<br>St. Louis, MO 63141-8221<br><br>Defendant. | ) | Cause No.:<br><br>Division:<br><br>JURY TRIAL DEMANDED |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Clayton Shaw ("Plaintiff" or "Mr. Shaw"), by and through undersigned counsel, and for his Petition for Damages, states as follows and affirms that the facts stated herein are true according to his best knowledge and belief:

**PARTIES AND VENUE**

1. Plaintiff is citizen residing in St. Louis County in the State of Missouri.

2. Defendant Mercy Hospitals East Communities ("Defendant" or "Mercy") is a Missouri corporation duly organized and existing by virtue of law, registered to conduct business in Missouri and conducting operations in St. Louis County, Missouri.

3. Defendant employed Plaintiff within St. Louis County, where it conducts operations and where the actions giving rise to the instant Petition took place.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

4. Venue is therefore appropriate in the St. Louis County, including pursuant to Rule 508.010.

5. Plaintiff is timely filing the present action after receiving a Right to Sue notice from the EEOC dated February 1, 2022 (attached hereto as Exhibit A), in accordance with procedural perquisites.

6. Plaintiff timely filed his charge of discrimination with EEOC on September 15, 2020.

7. Plaintiff demands a trial by jury on all issues so triable in this case.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff, who is African American, worked for Defendant at Defendant's facility located in St. Louis County, Missouri.

9. Plaintiff began working for Defendant in 2018, as a Dispatcher.

10. Plaintiff's job duties included answering phones, monitoring cameras, and issuing security codes.

11. Plaintiff was one of few African Americans working in his department.

12. Plaintiff's performance was good throughout his employment.

13. Early in his employment, Plaintiff began to experience racist behavior and comments at work.

14. In January of 2019, a Caucasian co-worker, Margaret Routh, said that her husband, who was a landlord, hated Black people, and might not rent to Plaintiff.

15. Plaintiff initially let the comment go because he did not want to escalate the situation, but was deeply offended.

16. A few weeks later, Routh made another racially offensive comment and said that she hated the way Black people wore their hats.

17. Plaintiff complained at that time to Routh but she shrugged it off.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

18. In March 2019, upon hearing that Routh was being considered for a supervisor position, Plaintiff voiced to Mercy (in particular to Chris Gaughan) that Plaintiff had reservations about her being promoted because she had made racist remarks.

19. Plaintiff's concerns were dismissed and nothing was done.

20. Routh was indeed promoted and, outrageously, became Plaintiff's supervisor.

21. Plaintiff again complained about the promotion, but to no avail.

22. Routh exhibited a hostile attitude towards Plaintiff after his complaints about her.

23. Routh treated Plaintiff worse than similarly situated Caucasian employees, including making Plaintiff work through breaks when others did not.

24. Plaintiff noted that his department seemed to no longer be hiring African Americans.

25. Plaintiff noted that brand new Caucasian employees were being brought in at a higher rate of pay than his own, for performing the same job.

26. Routh referred to another African American employee as a "bitch."

27. Upon information and belief, Black employees were more likely to be disciplined for infractions, such as late call-ins, than Caucasian employees.

28. Other African American employees observed that there seemed to be a race problem at Mercy.

29. In approximately November of 2019, Plaintiff was diagnosed with gallbladder disease, Acute Cholecystitis.

30. Plaintiff was hospitalized at Mercy's facility due to Gallbladder disease.

31. Plaintiff continued to work, even though he was not sleeping well, was in pain, and was suffering other ill effects from his medication and his illness.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

32. Plaintiff was taking Omeprazole, which has a side effect of drowsiness.

33. Plaintiff was often forced to work for up to 16 hours without a break and was often asked to come in early for shifts, or stay late.

34. In late November, 2019, Plaintiff fell asleep while on a break, due to his medication and illness.

35. Plaintiff had an alarm set to wake him up at the conclusion of his break.

36. Someone else was covering for Plaintiff while he was on break.

37. Plaintiff's supervisor saw Plaintiff asleep while on break, not during a time when he was supposed to be alert and performing his duties.

38. Plaintiff was escorted off premises with armed guards for this offense, for which he suffered humiliation and distress.

39. Plaintiff had observed that the security officers at Mercy tended to treat African Americans less favorably.

40. Plaintiff subsequently returned to work, was informed he was terminated, and once again escorted off premises by armed guards, causing further humiliation and distress.

41. Plaintiff was terminated on or about December 2, 2019, ostensibly for sleeping.

42. Other, similarly situated employees who were not Black were allowed to nap during their breaks without being disciplined, including employees named Charles, Elizabeth, and Margaret.

43. Caucasian supervisors napped during breaks, including Routh.

44. Dozing off during a break, in the context of the intense shift demands at Mercy, were a widely known and accepted phenomena.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

45. Plaintiff was never given any warnings or progressive discipline for napping during a break, or anything similar.

**COUNT I – RETALIATION, IN VIOLATION OF TITLE VII**

46. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein. Plaintiff's protected activity of complaining about racial discrimination, as described herein, was a motivating factor in his termination.

47. The purported reasons for Plaintiff's termination were not based in fact and were pretext for unlawful retaliation.

48. Plaintiff reported the reported the harassment and wrongful and retaliatory conduct committed by his supervisors and others, however, nothing was done to stop the ongoing harassment, intimidation, and retaliation.

49. Defendant, by the actions described herein, retaliated against Plaintiff due to his protected activity.

50. A causal connection exists between Plaintiff's termination and his protected activity.

51. The Defendant's behavior violated 42 U.S.C. § 2000e-3.

52. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

53. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

54. As a consequence of Defendant's actions as described herein, Plaintiff has suffered lost wages and will continue to suffer lost wages.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

55. Defendant's conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in his favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of his rights protected by the Title VII; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on his damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

**COUNT II – RACE DISCRIMINATION, IN VIOLATION OF TITLE VII**

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. The termination of Plaintiff – an adverse employment action -- was motivated by his race.

58. Similarly situated employees were treated more favorably than Plaintiff.

59. Defendant, by the actions described herein, discriminated against Plaintiff due to his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* (hereinafter "Title VII").

60. The explanations offered by Defendant are demonstrably pretextual.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

61. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits.

62. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

63. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

64. The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in his favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of his rights protected by the Title VII; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on his damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances.

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

**COUNT III – RACE DISCRIMINATION; DEPRIVATION OF CONSTITUIONALLY PROTECTED RIGHTS, IN VIOLATION OF §1981**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. The termination of Plaintiff – an adverse employment action -- was motivated by his race.

67. Similarly situated employees were treated more favorably than Plaintiff.

68. Defendant, by the actions described herein, discriminated against Plaintiff due to his race in violation of his Constitutional guarantees of Equal Protection, as enforced via 42 U.S.C § 1981.

69. The explanations offered by Defendant are demonstrably pretextual.

70. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits.

71. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

72. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

73. The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in his favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of his Constitutional rights; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for

Electronically Filed - St Louis County - April 25, 2022 - 09:26 PM

any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on his damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

Respectfully Submitted,

HKM EMPLOYMENT ATTORNEYS LLP

**/s/ Jeffrey D. Hackney**

Jeffrey D. Hackney
Missouri Bar No. 53158
HKM Employment Attorneys, LLP
7382 Pershing Ave., Suite 1W
St. Louis, Missouri 63130
*Telephone/FAX: 314-207-3517*
*E-Mail: jhackney@hkm.com*
***Attorney for Plaintiff***



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOSEPH L. WALSH III | **Case Number: 22SL-CC02317** | |
| Plaintiff/Petitioner:<br>CLAYTON SHAW<br>**vs.** | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 | |
| Defendant/Respondent:<br>MERCY HOSPITALS EAST COMMUNITIES | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: MERCY HOSPITALS EAST COMMUNITIES**
**Alias:**

**616 S. NEW BALLAS RD.**
**ST. LOUIS, MO 63141**

***COURT SEAL OF***



***ST. LOUIS COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**26-APR-2022**
**Date**

**Clerk**

**Further Information:**
**JS**

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).

☐ other ______________________.

Served at ______________________ (address)

in ______________ (County/City of St. Louis), MO, on ______________ (date) at ______________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________ Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_________________ |
| Non Est | $_________________ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_________________ (______ miles @ $.______ per mile) |
| **Total** | **$**_________________ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

32

**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI** RETURN

SB 5.25

| Judge or Division: JOSEPH L. WALSH III | Case Number: 22SL-CC02317 |
|---|---|
| Plaintiff/Petitioner: CLAYTON SHAW | Plaintiff's/Petitioner's Attorney/Address JEFFREY DAVID HACKNEY 2 CITY PLACE SUITE 200 CREVE COEUR, MO 63141 |
| vs. | |
| Defendant/Respondent: MERCY HOSPITALS EAST COMMUNITIES | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to: MERCY HOSPITALS EAST COMMUNITIES**

**Alias:**

**616 S. NEW BALLAS RD. ST. LOUIS, MO 63141**

*COURT SEAL OF* *ST. LOUIS COUNTY*

**You are summ... which is attached, a... above address all w... file your pleading, j... SPECIAL NEE... notify the Office of t... or through Relay Mi... proceeding.**

**26-APR-2022** Date

**Further Information:** JS

**REROUTE SLIP**

**DATE:** 5/5/22 **CAUSE #:** 22SL-CC02317 **RETURN DATE:** 5/25

**SERVE:** Same

**NEW ADDRESS:** 14528 S. Outer Forty 63017

**REASON FOR REROUTE:** Letter On File

**REROUTE FROM:** 12 **TO:** (13) White

**REMARKS:**

**Note to serving officer:** Summons should be retur...

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______ a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to Office Coordinator (name) Kathy Sansone (title).

☐ other

Served at 14528 S Outer 40 (address)

in St Louis (County/City of St. Louis), MO, on 5-16-22 (date) at 0909 (time).

Todd Whitte — Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______ (date).

*(Seal)* My commission expires: ______ Date

Notary Public

FILED MAY 18 2022 JOAN M. GILMER CIRCUIT CLERK, ST LOUIS COUNTY



